NUMBER 13-10-00075-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

THOMAS
MOLONEY, INDIVIDUALLY AND 

NUECES OCCUPATIONAL MEDICINE CLINIC,                     Appellants,

 

                                                             v.

 

JESUS RODRIGUEZ,                                                                      Appellee.

____________________________________________________________

 

                     On
appeal from the County Court at Law No. 2 

                                       of
Nueces County, Texas.

____________________________________________________________

 

                               MEMORANDUM
OPINION

 

Before Justices Yañez, Rodriguez, and
Garza

Memorandum Opinion
Per Curiam

 








The
parties to this appeal have filed a joint motion to dismiss with prejudice.  By
their motion, the parties ask the Court to render judgment effectuating the
parties’ agreement including:  (1) vacating the trial court’s February 2, 2010
Order denying and overruling Defendants Thomas Moloney, Individually, and
Nueces Occupational Medicine Clinic’s Motion to Dismiss; (2) dismissing all
claims against Thomas Moloney, Individually, and Nueces Occupational Medicine
Clinic, with prejudice; (3) denying appellants’ request for attorney’s fees;
and (4) ordering that each party shall bear the costs they have incurred. 

The
Court has considered the motion and it is the Court=s opinion that the motion should be granted in part and
denied in part.[1] 
Accordingly, without regard to the merits, we vacate the trial court=s Order entered February 2, 2010, and remand the case to
the trial court for rendition of judgment in accordance with the parties= settlement agreement.  See Tex. R. App. P. 42.1(a)(2)(B);
43.2(d).  In accordance with the agreement of the parties, costs are taxed
against the party incurring same. See Tex.
R. App. P. 42.1(d).

 

PER
CURIAM

Delivered and filed the

13th day of May, 2010. 

 

 

 

 

 









[1]Rule 42.1(a)(2)
permits the Court to render judgment effectuating the parties= agreements or
to vacate the trial court=s judgment and remand
the case to the trial court for rendition of judgment in accordance with the
agreement; we cannot do both.  See Tex.
R. App. P. 42.1(a)(2)(A),(B).  The parties have asked us to dismiss the
appeal.  We cannot both vacate the trial court’s judgment and dismiss the
appeal.  See Tex. R. App. P.
42.1(a)(2)(B); 43.2(d), (f).